**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SURI REALTY, LLC, | : | Case No. 20-21270-JJT |
| | : | |
| Debtor.[1] | : | |
| | : | |

**MOTION OF DEBTOR TO DETERMINE THE VALUE OF THE
SECURED CLAIMS OF THE DENNIS ENGINEERING GROUP, LLC AND ELM
ELECTRICAL, INC.**

Suri Realty, LLC ("Suri Realty," or the "Debtor") hereby requests a determination of the value of the secured claims (this "Motion") asserted by The Dennis Engineering Group, LLC (the "Dennis Group") and Elm Electrical, Inc. ("Elm Electrical") (collectively, the "Creditors" and each a "Creditor") on account of their alleged mechanic's liens on the real property owned by Suri Realty, pursuant to section 506(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, Suri Realty respectfully states as follows:

**PRELIMINARY STATEMENT**

The essential issue to determine in this Chapter 11 Case (defined herein) are the rights of the various stakeholders to the Properties (defined herein). This Chapter 11 Case was commenced by an involuntary chapter 7 filing led by the Dennis Group. The Dennis Group asserts a mechanic's lien against the Properties in an amount in excess of $13.2 million dollars, recorded on December 23, 2019 (the "Dennis Group Mechanic's Lien"), and Elm Electrical asserts a mechanic's lien against one of the Properties in an amount of $133,012.18,

---

[1] The last four digits of the Debtor's federal tax identification number are 5847.  The Debtor's corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

1

106845668v.8

recorded on March 10, 2020 (the "Elm Electric Mechanic's Lien" and together with the Dennis Group Mechanic's Lien, the "Mechanic's Liens"). The Debtor disputes that there is any value to the secured claims asserted by the Mechanic's Liens. The Debtor also disputes the extent and validity of the Mechanic's Liens and, contemporaneous with this Motion, has commenced an adversary proceeding against the Dennis Group to discharge the Dennis Group Mechanic's Lien (the "Adversary Proceeding").

To the extent either Creditor holds a valid Mechanic's Lien in any amount, the purpose of this Motion is to determine that there is no value to either the Dennis Group's or Elm Electrical' s alleged secured claim pursuant to Bankruptcy Code section 506(a). Both Creditors admit that they contractually subordinated any statutory lien on the Properties to the first priority Mortgage (defined herein) held by People's United Bank ("PUB"), the administrative agent for the Debtor's Senior Secured Lenders (defined herein). There is also no dispute that the Mortgage secures the Senior Obligations (defined herein) owed to PUB in an amount not less than $37,041,927. Because the "as is" market value of the Properties materially less than the Senior Obligations, pursuant to Bankruptcy Code section 506(a), the value of any secured claims held by the Dennis Group and/or Elm Electrical is $0.00.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein include 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**GENERAL BACKGROUND**

4. On October 29, 2020, an involuntary petition for relief under chapter 7 of the Bankruptcy Code was filed against the Debtor by The Dennis Group, HJ Norris, LLC, Renaissance Builders, Inc., and Elm Electrical. The Debtor subsequently requested the Bankruptcy Court to convert the asserted involuntary chapter 7 case to a voluntary case under chapter 11 of the Bankruptcy Code.

5. On December 17, 2020, the Bankruptcy Court entered the order for relief (the "Order for Relief"), and converted the asserted chapter 7 case to a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

6. Suri Realty continues to operate its business and manage its property as a debtor in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

7. No trustee or examiner has been appointed in this Chapter 11 Case.

8. No official committee of creditors has been appointed in this Chapter 11 Case.

**FACTUAL BACKGROUND RELATING TO RELIEF REQUESTED**

**A. The Properties and the Debtor's Business**

9. The Debtor's business is limited to the ownership of two adjoining parcels of real property with an address of 50 Talbot Lane, South Windsor, Connecticut and 280 Nutmeg Road, South Windsor, Connecticut (together, the "Properties"). The Properties are bounded and described with the Town of South Windsor in Volume 1218 at Page 211, and Volume 2524 at Page 204, respectively.

10. The Debtor is the wholly owned subsidiary of Carla's Pasta, Inc. ("CPI"). CPI is not a debtor in this Chapter 11 Case and is not subject to any bankruptcy proceedings. CPI operates an integrated manufacturing facility on the Properties, primarily focused on the

manufacturing of the highest quality authentic pastas, filled pastas, sauces, and appetizers.

  **B. The Senior Secured Credit Facilities.**

  11. In order to finance its operations, and expansion pursuant to the Construction Project (defined herein), the Debtor is obligated under that certain Third Amended and Restated Credit Agreement, dated as of October 4, 2017, among the Debtor, CPI, and BMO Harris Bank N.A. and PUB, (together, the "Senior Secured Lenders"), and PUB, as administrative agent (as amended from time to time, the "Credit Agreement").  As set forth in the Credit Agreement, the Senior Secured Lenders agreed to make loans and other financial accommodations to the Debtor and CPI in an aggregate amount of up to $62,000,000, comprising of a $15,000,000 Revolving Facility, a $28,000,000 Equipment Facility, and a $19,000,000 Construction Facility.

  12. As of the date hereof, the aggregate outstanding principal balance of the loans under the Credit Agreement is $37,041,927.14, comprised of: (i) $5,312,000.00 outstanding under a Revolving Facility; (ii) $13,867,816.28 outstanding under an Equipment Facility; and (iii) $17,862,110.86 outstanding under a Construction Facility (collectively with accrued interest and all other amounts due and owing under the Credit Agreement, the "Senior Obligations").

  13. As security for the Senior Obligations, the Debtor executed, among other things: (a) an Amended and Restated Open-End Construction Mortgage Deed, Security Agreement, Fixture Filing and Assignment of Leases and Rents, dated as of October 4, 2017, by which the Debtor granted a lien on the Properties, including all improvements, estates, rights, claims, easements, and interests thereon (the "Mortgage"), and (b) a Second Amended and Restated Security Agreement, dated as of October 4, 2017, by which the Debtor granted a first priority security interest in substantially all of the personal property of the Debtor (the "Security Agreement"). The Mortgage was recorded with the Town of South Windsor in Volume 2611

and Page 219.  A true and accurate copy of the Mortgage is attached hereto as **Exhibit A**.  A true and accurate copy of the Security Agreement is attached hereto as **Exhibit B**.

14. To protect the Senior Secured Lenders' first priority interest in the Properties, the Debtor and Senior Secured Lenders required the Dennis Group and Elm Electrical, among others, to execute a Subordination of Mechanics' Liens to Lien of Mortgage (the "Mechanics' Lien Subordinations"), dated October 8, 2018.  True and accurate copies of the Mechanics' Lien Subordinations are attached hereto as **Exhibit C**.

### C. The Construction Project.

15. On June 6, 2017, the Dennis Group entered into a construction contract (the "Construction Contract") with the Debtor for the construction of a building and related infrastructure for a food preparation facility (the "Construction Project") on the Properties.

16. The Dennis Group asserts that it commenced work on the Construction Project on or about June 6, 2017 and that it completed the construction of the building and infrastructure for of the food preparation facility and performed its services pursuant to the Contract on August 14, 2019. *See* Revised Complaint, at ¶¶ 6, 6 [sic], 16, and 16 [sic], filed in Dennis Engineering Group, LLC v. Suri Realty, LLC et al., Case No. HHD-CV-20-6127365-S, a true and accurate copy is attached hereto as **Exhibit D**.

17. The Dennis Group further claims that the Debtor failed to pay for certain amounts due under the Contract and is obligated to the Dennis Group in an amount in excess of $13,996,786.00. *See* Revised Complaint, at ¶¶ 8, 8 [sic].

18. To secure its asserted obligations under the Construction Contract for the work associated with the Construction Project, on December 23, 2019, the Dennis Group caused a Certificate of Mechanic's Lien to be filed with the Town Clerk of South Windsor, Connecticut.

The Dennis Group Mechanic's Lien is recorded at Book 2742 and Page 83. A true and accurate copy of the Dennis Group Mechanic's Lien is attached hereto as **Exhibit E-1**.

19. Upon information and belief, Elm Electrical entered into a subcontractor contract (the "Subcontractor Contract") with the Dennis Group relating to a portion of the Construction Project.

20. To secure its obligations under the Subcontractor Contract for the work associated with the Construction Project, on March 10, 2020, Elm Electrical caused a Certificate of Mechanic's Lien to be filed with the Town Clerk of South Windsor, Connecticut in Volume 2754 and Page 297. A true and accurate copy of the Elm Electrical Mechanic's Lien is attached hereto as **Exhibit E-2**.

**D. The Appraisal.**

21. As part of the Debtor's restructuring efforts, the Senior Secured Lenders obtained an appraisal from Joseph J. Blake and Associates, Inc., dated July 21, 2020. According to the Appraisal Report, the "as-is" market value for the Properties is $19,500,000 (the "Appraisal"). A true and accurate copy of the summary Appraisal is attached hereto as **Exhibit F**.

**RELIEF REQUESTED**

22. Suri Realty hereby requests a determination that the value of the secured portion of the Dennis Group claim is not more than zero dollars ($0.00), pursuant to Bankruptcy Code section 506(a) and Bankruptcy Rule 3012. In the alternative, the Debtor requests this Court to dissolve The Dennis Group Mechanic's Lien by substitution of a surety bond pursuant to Conn. Gen. Stat. § 49-37, determine the value of the surety bond at zero dollars ($0.00). A determination that the Dennis Group holds no secured claim against the Debtor is necessary to:

(a) protect the Debtor from any improper action attempted by the Dennis Group to require payments by the Debtor or pursue remedies pursuant to Bankruptcy Code section 362(d)(3); and (b) support the Debtor's restructuring efforts through a sale of the Properties or other reorganization plan.

23. Suri Realty hereby requests a determination that the value of the secured portion of Elm Electrical's claim is not more than zero dollars ($0.00), pursuant to Bankruptcy Code section 506(a) and Bankruptcy Rule 3012. In the alternative, the Debtor requests this Court to dissolve the Elm Electrical's Mechanic's Lien by substitution of a surety bond pursuant to Conn. Gen. Stat. § 49-37, determine the value of the surety bond at zero dollars ($0.00). A determination that Elm Electrical holds no secured claim against the Debtor is necessary to: (a) protect the Debtor from any improper action attempted by Elm Electrical to require payments by the Debtor or pursue remedies pursuant to Bankruptcy Code section 362(d)(3); and (b) support the Debtor's restructuring efforts through a sale of the Properties or other reorganization plan.

**BASIS FOR RELIEF**

24. Bankruptcy Rule 3012 provides:

> On request by a part in interest and after notice … and a hearing, the court may determine:
>
> (1) the amount of a secured claim under § 506(a) of the Code; or
> (2) the amount of a claim entitled to priority under § 507 of the Code.

Fed. R. Bankr. P. 3012.

25. By this Motion, the Debtor requests a determination of the value of the secured portion, if any, of Dennis Group's claim in order to determine, among other things, (a) the rights of the Dennis Group to share in any of the proceeds from a sale or other disposition of the

Properties, and (b) whether the Dennis Group may take any act against the Properties pursuant to Bankruptcy Code section 362(d)(3).

26. By this Motion, the Debtor requests a determination of the value of the secured portion, if any, of Elm Electrical's claim in order to determine, among other things, (a) the rights of Elm Electrical to share in any of the proceeds from a sale or other disposition of the Properties, and (b) whether Elm Electrical may take any act against the Properties pursuant to Bankruptcy Code section 362(d)(3).

27. Section 506(a)(1) of the Bankruptcy Code provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title [11 USCS § 553], is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

28. Section 506(a) therefore divides allowed claims into two classes: secured claims and unsecured claims. *See, e.g., In re Miller*, 462 B.R. 421, 425 (Bankr. E.D.N.Y. 2011). As recognized in the *Miller* decision, "[b]y virtue of § 506(a), a lien may be wholly unsecured if debts secured by liens with priority over the subject lien exceed the value of the collateral. Section 506(a) provides, *inter alia*, that a claim may be a secured claim if there is a lien against property of the estate, but is a secured claim only to the extent of the value of the secured creditor's interest in the estate's interest in such property." *Id.* (Internal quotations marks omitted).

29. According to the Appraisal, the Property has an "as is" value of $19,500,000. As set forth above and as stipulated by the Debtor, the principal amount owed to the Senior Secured Lenders that is secured by the Mortgage is $37,041,927.14. Therefore, the Creditors' asserted secured claims against the Properties is $0.00, which leaves the Creditors with wholly unsecured claims for the total amount of the Creditors' claims.

30. Thus, based on the appraised value of the Properties, there is no value to the asserted Mechanic's Liens above and beyond what the Senior Secured Lenders are owed under the Mortgage and the Creditors' claims are wholly unsecured.

31. In the alternative, the Debtor requests this Court to dissolve the Mechanic's Liens by substitution of a surety bond for each pursuant to Conn. Gen. Stat. § 49-37, determining the value of the surety bonds at zero dollars ($0.00).

## RESERVATION OF RIGHTS

32. The relief requested herein is limited to a determination that the Dennis Group's and Elm Electrical's secured claims, if any, is valued at $0.00. The Debtor expressly reserves its right to (a) object to the extent and validity of the Creditors' general unsecured claims, and (b) to the extent the Court determines that the value of the Properties exceeds the Senior Secured Lenders' interests in the Properties such that there is value to the Creditors' asserted secured claims, to pursue its claims challenging the extent and validity of the Dennis Group Mechanic's Lien asserted in the Adversary Proceeding.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order in the form submitted herewith (i) allowing the Motion in its entirety; (ii) finding that the value of the secured portions of the Creditors' claims are not more than $0.00; (iii) alternatively, dissolving the Mechanic's Lien by substitution of surety bonds pursuant to Conn. Gen. Stat. § 49-37, determining the value of the surety bonds at zero dollars ($0.00); (iv) finding that the Creditors'

claims are classified as general unsecured claims and shall be treated as wholly unsecured claims for all purposes in this Chapter 11 Case; *provided, however*, that the Debtor's rights to challenge the extent and validity of the unsecured claims shall not be waived by this order and shall remain pending in the Adversary Proceeding; and (iv) for other relief as is proper and just.

Dated: January 13, 2021 **SURI REALTY, LLC**

By its Attorney,

*/s/ Adrienne K. Walker*
Adrienne K. Walker, Esq. (admitted *pro hac vice*)
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel: 617-542-6000
email: awalker@mintz.com

-and-

Randolph T. Lovallo, Esq. (ct#07318)
Law Office of Randolph T. Lovallo, P.C.
90 Grove Street, Suite 206
Ridgefield, Connecticut 06877
Tel: (203) 431-8281
email: randy@rtllawpc.com

106845668v.8